## HERRICK v METROPOLITAN SECURITIES CORP.

Ohio Appeals, 8th Dist, Cuyahoga Co.

No 10076.   Decided June 10, 1929

S. Monroe Wittenberg, Cleveland, for Herrick.

Bulkley, Hauxhurst, Jamison & Sharp, Cleveland, for Met. Sec. Corp.

SULLIVAN, J.

It is our judgment under the record, from all the other facts in the case, that the contract was executed by the boy only as an incident and it is not a controlling factor in the situation as to whether the mother or the minor son was the actual contracting party with the automobile company and the securities corporation. Therefore it is our judgment that under the facts there is no application of the case herein noted, and it is our judgment

that the plaintiff minor, through his next friend, the mother, cannot recover.

Another bar to recovery is the use of the automobile for several months which obviously changed the value and condition of the automobile purchased and consequently no tender could be made as was attempted because it was not the same chattel excepting in name, and added to this fact that the Studebaker car of the mother had already been disposed of, it is clear that there could be no return or adjustment to the status quo and in this respect it must be borne in mind that while the Studebaker car was taken in trade at $95.00 yet in the suit at bar it is sought to recover the full value in money, notwithstanding it was a trade-in price instead of a strictly cash sale.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.